IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VICTORIAH McMILLIAN,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO.: ) _____ ) |
| **TRANSAMERICA LIFE INSURANCE COMPANY,** | ) (removed from the Circuit Court of ) Dallas County, Alabama, ) Case No. 27-CV-2023-900224.00) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Transamerica Life Insurance Company ("Transamerica") hereby removes this action from the Circuit Court of Dallas County, Alabama, to the United States District Court for the Southern District of Alabama. In support of removal, Transamerica states:

### THE STATE COURT ACTION

1. On September 26, 2023, Plaintiff Victoriah McMillian ("Plaintiff") filed a civil action for alleged negligence, wantonness, misrepresentation, suppression and breach of a life insurance contract against Transamerica in the Circuit Court of Dallas County, Alabama, styled *Victoriah McMillian vs. Transamerica Life Insurance Company, et al.*, Case No. 27-CV-2023-900224.00 (the "Lawsuit"). A true and correct copy of Policy 6601224742 is attached hereto

1

as **Exhibit 1**. A copy of the Complaint is attached hereto as **Exhibit 2**.[1] The complete Circuit Court record for the Lawsuit is attached hereto as **Exhibit 3**.

2. Plaintiff's Complaint seeks benefits under Transamerica life insurance policy 6601224742 (the "Policy"), which has a death benefit of $100,000. *See* Ex. 1; Ex. 2 at ¶¶ 6 & 22. Plaintiff also seeks unspecified damages for mental and emotional distress, alleged incidental expenses, bad faith, and any other "damages as a jury deems reasonable and may award." Ex. 2 at ¶¶ 9, 14, 22 & *ad damnum* clauses.

3. A Summons and the Complaint for the Lawsuit were served on Transamerica on September 27, 2023. A true and correct copy of the Return of Service on Transamerica is attached hereto as **Exhibit 4**.

### REMOVAL PROCEDURE

4. The Lawsuit is a civil action within the meaning of 28 U.S.C. § 1446(a).

5. Removal to the United States District Court for the Southern District of Alabama is proper because the Circuit Court of Dallas County, Alabama, is a state court within this district and division. 28 U.S.C. § 1441.

6. The Northern Division is the proper division for removal pursuant to 28 U.S.C. § 81(c)(1).

---

[1] Although the Complaint is titled "Second Amended Complaint," this appears to be a typographical error. This is the first and only complaint filed by Plaintiff in the state court action. *See generally* Ex. 3.

7. This Notice of Removal is timely because it is filed within 30 days after service of the summons and Complaint on Transamerica.

8. A true and correct copy of this Notice of Removal is being served on counsel for Plaintiff on this date.

9. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Dallas County, Alabama, on this date.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rules of Civil Procedure 8, 9, 12, or otherwise.

11. Transamerica is the only named defendant in the Lawsuit.

## GROUNDS FOR REMOVAL

### I. Diversity Jurisdiction.

This action is properly removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists.

Plaintiff McMillian is an individual over the age of nineteen years and is a citizen and resident of Dallas County, Alabama. (Ex. 2. at ¶ 1). Plaintiff's pleading is *prima facie* evidence that Plaintiff is a citizen of Alabama. *See Cooper v. Newell*,

155 U.S. 532, 533 (1895) (holding averment of residence in a complaint "is prima facie evidence of citizenship"); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("place of residence is prima facie the domicile").

Defendant Transamerica is an Iowa corporation with its principal place of business in Iowa. (Ex. 2 at ¶ 3; *see also* **Exhibit 5**). Although the Complaint names fictitious party defendants, the citizenship of fictitious parties is disregarded for purposes of determining diversity of citizenship. 28 U.S.C. § 1441(b). *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1396 (11th Cir. 2011) (stating that the fact "fictitious defendants were likely [non-diverse] citizens did not destroy complete diversity because § 1441(a) requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction"); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 (11th Cir. 1997) ("fictitious party practice is not permitted in federal court"). Because there are no other named co-defendants to the Lawsuit, the requirement of unanimity is satisfied. 28 U.S.C. § 1441(b)(2)(A).

Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a), and this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**B.     The Amount in Controversy Exceeds $75,000.**

The amount in controversy is easily satisfied here because the Policy benefits Plaintiff seeks total $100,000. *See* Ex. 1.

Where, as here, Plaintiff's Complaint does not claim a specific amount of damages, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Thus, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Were Transamerica required to offer proof (which is not required at this time[2]), it could easily show "by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Odelia v. Alderwoods (Ga.), LLC*, 823 F. App'x 742, 745 (11th Cir. 2020).

Among other causes of action, Plaintiff's Complaint asserts a claim for breach of contract, alleging that Transamerica improperly "denied Plaintiff's claim for death benefits" when it declared the policy invalid due to misrepresentations in the Policy application. Ex. 2 at ¶¶ 8, 21 & 22. The Policy at issued here had a death benefit of $100,000 – well in excess of the threshold for diversity jurisdiction. *See* Ex. 1. The Eleventh Circuit "has long held that when the validity of a life insurance policy is at issue in a case, the face value of the insurance policy is the amount in controversy."

---

[2] 28 U.S.C. § 1446(a) requires only "a short and plain statement of the grounds for removal," which the Supreme Court in *Dart Cherokee* explained requires only a good faith allegation that the amount in controversy is met. 574 U.S. at 87-88. If the removal allegations are challenged by a plaintiff or questioned by the Court, then the removing party need only prove by a preponderance of evidence that the amount in controversy exceeds $75,000. *Id.* at 88.

*Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925–26 (11th Cir. 2019). *See also Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996) (reversing District Court and holding amount in controversy satisfied where insurer sought to declare $100,000 face-value life insurance policy invalid due to misrepresentations in the application); *New York Life Ins. Co. v. Swift*, 38 F.2d 175, 177 (5th Cir.CCA10WYO 1930) (recognizing that, under a valid life insurance contract, "the only fixed and definite liability of the insurer is to pay the face of the policy"); *Webb v. CUNA Mut. Grp.*, No. CIV.A. 09-0270-CG-B, 2010 WL 366688, at *1 (S.D. Ala. Jan. 22, 2010) (finding jurisdiction and denying remand where plaintiff sought unspecified life insurance proceeds, defendant attached life insurance policy to notice of removal, and policy provided for benefits of $77,000).

Plaintiff also seeks unspecified damages for emotional distress and alleged incidental expenses (Ex. 2 at ¶ 14) and has asserted claims for wantonness, fraud, and bad faith, each of which may support an award of punitive damages under Alabama law (Ex. 2 at ¶¶ 9, 12, 13, 22 & *ad damnum* clauses). *See e.g.*, *Gulf Atl. Life Ins. Co. v. Barnes*, 405 So. 2d 916, 925 (Ala. 1981) (recognizing availability of punitive damages in appropriate cases involving wanton conduct and bad faith failure to pay insurance claims); *Winn-Dixie Montgomery, Inc. v. Henderson*, 395 So. 2d 475, 477 (Ala. 1981) (recognizing punitive damages available in appropriate fraud cases). Under Alabama law, Plaintiff could potentially recover punitive

6

damages on her wantonness, fraud, or bad faith claims up to three times the compensatory damages awarded or $500,000 – whichever is greater. *See* Ala. Code §§ 6-11-20(a), 6-11-21(a). The availability of punitive damages must be considered in "determining the jurisdictional amount in controversy in diversity cases . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). These additional claims for punitive damages and unspecified emotional distress only add to the $100,000 already in controversy under the Policy at issue here.

In accordance with 28 U.S.C. § 1446 and *Dart Cherokee*, Transamerica has plausibly alleged that the amount in controversy exceeds $75,000, and Plaintiff has neither specified the amount in controversy nor specifically disclaimed or disavowed damages in excess of $75,000 here. *See* Ex. 2; *Dart Cherokee*, 574 U.S. at 87. Because the face value of the Policy exceeds $75,000, Plaintiff cannot challenge the amount in controversy.  Nonetheless, were Plaintiff to do so, the Policy itself and the case authority cited herein establish by a preponderance of evidence that at least $100,000 is in controversy here, and this Court has jurisdiction over this case.

## CONCLUSION

By this notice, Transamerica does not waive any objections or defenses to the Lawsuit. Transamerica intends no admission of fact, law, or liability, and Transamerica expressly reserves all defenses, motions, and pleas. Transamerica also

reserves the right to amend or supplement this Notice of Removal. Transamerica respectfully requests that this Court assume full jurisdiction over this action as if Plaintiff Victoriah McMillian originally commenced this action in this Court.

              Respectfully submitted,

              *s/ Meredith Jowers Lees*
              *Attorney for Defendant Transamerica*
              *Life Insurance Company*

**OF COUNSEL:**
Meredith Jowers Lees (ASB-8103-M71J)
Frederick D. Clarke III (ASB-0368-F20M)
RUMBERGER, KIRK & CALDWELL P.A., P.C.
Renasant Place, Suite 1300
2001 Park Place North
Birmingham, AL  35203
(205) 327-5550
(205) 326-6786 (fax)
mlees@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by electronic mail:

 Christopher E. Sanspree
 603 Martha Street
 Montgomery, Alabama 36104
 chris.sanspree@sanspreelaw.com
 *Counsel for Plaintiff*

              *s/ Meredith Jowers Lees*
               OF COUNSEL

18478676.v1